UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL PEARSON,

       Plaintiff,

v.                                      Case No. 1:07-CV-996

COMMISSIONER OF SOCIAL                  HON. GORDON J. QUIST
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on February 18, 2009. In his report and recommendation, the magistrate judge recommended that the Commissioner's decision denying benefits be affirmed. The magistrate judge addressed the five issues raised by Plaintiff. First, with regard to Plaintiff's argument that the Administrative Law Judge (ALJ) did not base his decision on substantial evidence in the entire record, the magistrate judge noted that Plaintiff failed to present any legal or factual basis to support his argument. Second, the magistrate judge concluded that the ALJ did address Plaintiff's psychiatric and cognitive disorders in his hypothetical question to the Vocational Expert ("VE") by limiting Plaintiff to simple, unskilled work involving minimal contact with supervisors and other employees. Third, he concluded that the ALJ considered Mr. McCulloch's evaluation and gave it appropriate weight. Fourth, he concluded that the ALJ gave good reasons for not finding Plaintiff fully credible. Finally, he concluded that the ALJ explained his reasons for finding the statements of Plaintiff's friend, Ms. Chetterster, not credible.

After conducting a *de novo* review of the report and recommendation and the materials on file, the Court concludes that the report and recommendation should be adopted by the Court.

Regarding Plaintiff's first objection, that the ALJ failed to base his decision on substantial evidence in the record, Plaintiff cites a number of facts supporting his claim that he is unemployable. However, the ALJ cited several reasons in his decision supporting his conclusion that while Plaintiff has some moderate limitations due to his psychiatric and cognitive disorders, he retains the capacity to perform a range of light work to perform a significant number of jobs in the regional economy. Even though Plaintiff's evidence might support a finding of disabled, the Commissioner's decision was supported by substantial evidence.   The Sixth Circuit has instructed that so long as the Commissioner's decision meets this standard a reviewing court should not re-weigh evidence and substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. *Gaffney v. Brown*, 825 F.2d 98, 100 (6th Cir. 1987).

Plaintiff contends that the magistrate judge erred in concluding that the ALJ did in fact incorporate Plaintiff's psychiatric and cognitive disorders into his hypothetical questions to the VE. Plaintiff notes that in his report, Mr. McCulloch referred to Plaintiff's self-reports of auditory hallucinations as well as Mr. McCulloch's observations that Plaintiff's stream of mental activity "was hard to follow and was vague and was not organized."   Plaintiff contends that the ALJ failed to explain why he failed to credit this information by not incorporating it into his hypothetical. Plaintiff also contends that Dr. Tsai's residual functional capacity determination ("RFD"), which the magistrate judge cited as supporting the ALJ's hypothetical, should be given no weight because Dr. Tsai never saw Plaintiff but only reviewed his records.   While Plaintiff's points are well taken, the ALJ considered Mr. McCulloch's comment that Plaintiff's "[m]ental status results [we]re suspect"

and gave several reasons for rejecting Mr. McCulloch's assigned GAF score of 40. Some of those reasons were that Plaintiff told Mr. McCulloch he was not depressed, Plaintiff had not been taking psychotropic medications or receiving psychological or psychiatric treatment, and he had some adaptive or interpersonal skills. Because he did not find Plaintiff fully credible, the ALJ included in his hypothetical only the limitations he accepted as credible. Finally, although Dr. Tsai did not personally examine Plaintiff, his opinion that Plaintiff had the RFC to perform unskilled work was not contradicted by any other physician.

Plaintiff next contends that the magistrate judge erred in concluding that the ALJ properly evaluated the opinion of Mr. McCulloch. However, as the magistrate judge observed, the ALJ considered Mr. McCulloch's evaluation but rejected the GAF score of 40. The ALJ gave his reasons for rejecting the GAF score, several of which are mentioned above. Given the evidence in the record, the Court cannot say that the ALJ's rejection of the GAF score was not supported by substantial evidence.

Finally, Plaintiff asserts again that the ALJ erred in failing to explain his reasons for finding Plaintiff's and Ms. Chetterster's statements not fully credible. The ALJ's decision shows that he did not rely solely upon an inconsistent claim of depression and Plaintiff's sporadic work history. Rather, the ALJ cited, among other things, Plaintiff's lack of medical treatment for his physical impairments; an absence of psychiatric or psychological treatment or psychotropic medications; his report to Mr. McCulloch that he was not depressed; the lack of need for a structured living arrangement; and the fact that Plaintiff had some interpersonal and social skills. In short, the Court agrees with the magistrate judge that there is no compelling reason to disturb the ALJ's credibility determination for either Plaintiff or Ms. Chetterster. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 18, 2009 (docket no. 16), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.

Dated: March 30, 2009                      _____/s/ Gordon J. Quist_____
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE